NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DONALD K. FOGAL,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3040

---

Petition for review of the Merit Systems Protection Board in DC0752100841-I-1.

---

Decided: July 11, 2011

---

DONALD K. FOGAL, of Jacksonville, North Carolina, pro se.

CALVIN M. MORROW, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel and KEISHA DAWN BELL, Deputy General Counsel.

---

Before NEWMAN, BRYSON, and LINN, *Circuit Judges*.

PER CURIAM.

## DECISION

Donald K. Fogal seeks review of a decision of the Merit Systems Protection Board that dismissed his appeal from the termination of his employment by the Department of the Navy during his two-year probationary period. We affirm.

## BACKGROUND

The Department of the Navy appointed Mr. Fogal to the excepted service position of Police Officer, GS-6, effective February 1, 2010. That appointment was a veterans recruitment appointment under the Jobs for Veterans Act, Pub. L. No. 107-288, 116 Stat. 2033 (2002). Appointees to a veterans recruitment position who satisfactorily complete a two-year trial period are noncompetitively converted to a career-conditional appointment in the competitive service. Exec. Order No. 11,521 § 1(f), 35 Fed. Reg. 5311 (Mar. 26, 1970), codified with alterations at 38 U.S.C. § 4214(b)(1).

On August 24, 2010, Mr. Fogal's appointment was terminated because he had "failed to render a salute to the Marine Corps Installations East Commanding General as he proceeded past [Mr. Fogal's] post on 5 August 2010." Mr. Fogal appealed that termination to the Board on September 1, 2010.

On September 8, 2010, a Board administrative judge issued an order directing Mr. Fogal to show cause why his appeal should not be dismissed for lack of jurisdiction. The administrative judge explained that the Board has

jurisdiction over appeals by excepted service employees only if (1) the employee is preference-eligible employee and has completed one year of service, (2) the employee is not serving a trial period under an initial appointment pending conversion to the competitive service, or (3) the employee has completed two years of service. *See* 5 U.S.C. §§ 7511(a)(1)(B), (C). Alternatively, the administrative judge explained, if the employee is in the competitive service in the first year of a veterans recruitment appointment, the Board has jurisdiction over terminations premised on post-appointment conduct, but only if those terminations are based on partisan political reasons or marital status. *See* 5 C.F.R. §§ 307.105, 315.805, 315.806. The administrative judge advised Mr. Fogal that he had the burden of proving that his appeal was within the Board's jurisdiction.

Mr. Fogal did not respond to the administrative judge's order within the allowed time. Accordingly, the administrative judge dismissed his appeal.

### DISCUSSION

Mr. Fogal appeals from the dismissal on two grounds. First, he argues that the agency committed procedural error in terminating him. Because Mr. Fogal had not yet completed the first year of his veterans recruitment appointment, the Board had jurisdiction over procedural errors only in cases in which terminations were based on pre-appointment reasons. *See* 5 C.F.R. §§ 307.105, 315.805, 315.806. Mr. Fogal's termination was based on post-appointment conduct, i.e., his failure to salute. Accordingly, the Board properly determined that it did not have jurisdiction over his appeal based on alleged procedural errors in that termination.

Second, Mr. Fogal argues that the agency's proffered reason for terminating him was pretextual and that the agency actually terminated him due to his union activity. The problem with that argument is that Mr. Fogal did not raise it in response to the administrative judge's order to show cause why the Board had jurisdiction over his appeal. If he had, the administrative judge could have investigated that allegation and determined whether Mr. Fogal was in effect alleging that he was terminated based on "partisan political reasons." Mr. Fogal, however, did not respond to the order to show cause, and he may not make new allegations for the first time in this court in an attempt to establish that the Board should have exercised jurisdiction over his appeal. We therefore uphold the Board's order dismissing Mr. Fogal's appeal.

No costs.

**AFFIRMED**